HENRY ROHDE v. LAFAYETTE LODGE AND ANOTHER.

See this case for circumstances under which it was held that a note, which had been indorsed as collateral security for precedent indebtedness by the payee to the indorsee, after it fell due, was not subject to a plea of failure of consideration by the maker.

Appeal from Fayette.

*W. G. Webb,* for appellant.

LIPSCOMB, J. The material facts of this case are as follows, *i. e.:* Isaac Cook, on the 27th January, 1854, entered into a contract with the Lafayette Lodge, to build for them a house, of prescribed dimensions, and according to certain specifications, before the 25th of December, then next, for which he was to be paid by the Lodge five thousand dollars, in the following payments, viz: Sixteen hundred dollars on the 1st day of February, 1854; seventeen hundred dollars when the walls are up and the roof on the house; and the balance when the house is finished and received; and if there is a default in the first payment, the Lodge agrees to give its note, with ten per cent. interest, for the deficit, and in like manner to give its note for the deficit on the second payment. On the same day Cook gave his bond, with security, in the sum of five thousand dollars, to the Lafayette Lodge, conditioned for the performance of his contract, by the time and according to the plan and specifications of the building. In a day or two after these mutual contracts had been entered into, the Lodge gave its note to Cook or bearer for three hundred dollars, payable one day after date, which note, indorsed in blank by Cook, was

delivered to the plaintiff as collateral security for an indebtedness of Cook to the plaintiff. The precise time when the plaintiff received the note is not in proof; but it is in proof, that the notice of what disposition Cook had made of the note, must have been made known to Lodge within a few weeks from the time when it was given. It was in evidence that the work was never done; that the foundation was laid, and some material prepared, but of no value to the Lodge. It was in evidence that the foundation was laid in June, at which time Cook was regarded as the contractor. It was in evidence that the note of the Lodge was given for that small amount, so that it might be convenient for him to use. It was in evidence that on the 24th October, 1854, the plaintiff addressed a letter to the Lodge, informing it that he held their note, and asking it to make arrangements to pay him. The suit was against the Lafayette Lodge, on the note, and against Cook as the indorser. The defendant Cook made no defence. The Lodge pleaded a failure of the consideration, on which the note was given. There were many questions raised upon the record, but it is not believed important to examine more than is presented by the plea of a failure of consideration. A jury was waived by the parties, and the case submitted to the Judge, who gave a judgment against Cook for the amount of the note, and a judgment in favor of the Lodge.

It is presumed the Judge predicated his decree upon the ground, that as the note was past due, when plaintiff received it, any equitable defence could be made against the payment of the note. The proposition is true; but it does not follow, that a sufficient equity arises from the failure on the part of Cook to perform his contract, under the circumstances of this case, to discharge the Lodge from the payment of their note in the hands of the plaintiff. It will be recollected that this note was given to make up the deficit in the cash payment due to Cook, on his executing the bond for the performance of his contract. It was given for an amount that would be con-

venient for Cook's use, and was, of course, given with the knowledge that Cook would trade the note off in the course of his business, and make it serve him in the place of money.    On what principles of equity and good conscience, can the Lodge, after giving their note, knowing the use that would be made of it, say that the consideration has failed, and we are not bound to pay the note, although we have been the cause of giving a credit and currency to the note.   It was contended that the Lodge had no notice that the note had been transferred and was held by the plaintiff, until the letter of his of the 24th October, 1854, at which time it was evident that Cook would fail to perform his contract.    If there was no other evidence, we should be compelled to regard the date of that letter as the first notice ; but there was other evidence.   The defendants introduced the receipt or memorandum given by the plaintiff to Cook, for the note, dated 18th February, 1854.   In the absence of all proof of the time when they received this memorandum, it will be presumed to have been at or about the date thereof.   I do not regard this, though, as very important ; it may be admitted that the Lodge did not know who held the note, until informed by the letter of the plaintiff ; yet I believe, under the circumstances, the obligation would remain on the Lodge to pay the note.   They had given it knowing it would be used, and knowing that it was given in the place of the money that had been agreed to be paid before any part of the work was to have been done.    It was payable when Cook gave his bond and security for the performance of his contract.   This was the security upon which the Lodge was willing to make the first payment, either in cash or in their note with ten per cent. interest, to make up the deficit in the cash payment, to be made on the bond being executed.   Suppose the cash had been paid to Cook instead of the note, and then Cook had failed to do the work, it would be the very contingency for which the Lodge had secured the indemnity by the bond and security ; and they have the same security, whilst the plaintiff

would suffer the loss of what he was induced by the Lodge to believe was a good and valid security. At the time the plaintiff received this note, he had no reason to believe that it would not be paid; he took it long before the consideration had failed. Under all the circumstances, we believe the judgment ought to have been for the plaintiff, on the ground that the note was given to Cook to use instead of the money he was to have received, and upon the ground that the Lodge held ample indemnity, by means of the bond, for protection in making the first payment to Cook. The judgment is reversed and rendered for the plaintiff on the note.

Reversed and re-formed.